LOUIS KAPLAN, PLAINTIFF-APPELLANT AND RESPOND-
ENT, v. WILLIAM GREEN, DAVID GREEN, SAMUEL
GREEN, ABRAHAM LIPSKY, FLORENCE McGUIRK, LEO
SCHER, JOSEPH DiJULIO AND MOTOR CLUB OF
AMERICA COMPANIES, A NEW JERSEY CORPORATION,
DEFENDANTS-APPELLANTS, AND IRVING A. FELD-
MAN, DEFENDANT-RESPONDENT.

Argued October 22, 1968—Decided November 25, 1968.

*Mr. Karl Asch* argued the cause for plaintiff-appellant and respondent (*Messrs. Magner, Abraham, Orlando & Kahn,* attorneys; *Mr. John Pisansky,* of counsel).

*Mr. Cuddie E. Davidson, Jr.* argued the cause for defendant-respondent Feldman (*Messrs. Davidson and Buttermore,* attorneys; *Mr. Davidson,* of counsel).

*Mr. Jerome S. Lieb* argued the cause for defendants-appellants William Green and others (*Messrs. Lieb and Teich,* attorneys; *Mr. Lieb,* of counsel).

The opinion of the court was delivered

PER CURIAM. The plaintiff was employed under contract as an insurance salesman by the defendant Feldman, who was an agent for the corporate defendant as well as for other insurance companies. Feldman terminated plaintiff's employment, which Feldman is willing to assume, for present purposes, was without cause. Plaintiff sued Feldman for compensation allegedly due him upon termination and the other defendants for malicious interference with the contractual relationship, allegedly because they directed Feldman to discharge him. The other individual defendants were members of the executive committee of the corporate defendant, who ordered the writing of a letter to Feldman, which plaintiff asserted Feldman reasonably understood as a direction to terminate plaintiff's employment with him in all capacities and brought about his discharge.

The Appellate Division, in an unreported opinion, affirmed the trial court's grant of Feldman's motion for summary judgment and its denial of the other defendants' similar motion. We granted certification to the losing parties on each motion. 51 *N. J.* 185 and 52 *N. J.* 169 (1968).

■ We are satisfied that the trial court and the Appellate Division were correct in the disposition of both motions. As to the count of the complaint against Feldman, plaintiff failed to demonstrate any basis in the factual proofs on the motion or in law for any pecuniary right on discharge beyond two weeks' compensation, computed on his average weekly income from commissions, which Feldman agreed to pay.

■ With respect to the counts of the complaint against the other defendants, the proofs on the motion, especially in the light of the nature of the cause of action, did not "show palpably that there is no genuine issue as to any material fact challenged", R. R. 4:58–3, at least concerning the threshold question of Feldman's understanding of the letter and his action in terminating plaintiff's employment following receipt of it. With the case in this posture, it would be inappropriate now to pass upon other defenses asserted.

The judgment of the Appellate Division is affirmed. No costs to any party.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN — 7.

*For reversal* — None.